is United States of America versus Edwards. And we'll hear first from Mr. Edwards attorney. Good morning, Margaret Fuldis, Assistant Federal Public Defender on behalf of Mr. Edwards, may it please the court. The Supreme Court's Erlinger decision has made a vast change to the ACCA legal landscape by requiring the government to prove the different occasions requirement to a jury beyond a reasonable doubt. And it has impacted Mr. Edwards case in two significant ways. First is rendered his plea involuntary. And second, it violated his Fifth and Sixth Amendment jury trial rights. The government does not dispute that there is an Erlinger issue here that there is error, it concedes that Mr. Edwards never pled to the different occasions issue. And it concedes that a jury never decided the issue either. With respect to his plea, Mr. Edwards admitted to three simple elements. And they were as follows based on what the prosecutor said at the plea. He said first, the defendant knowingly possessed a firearm and ammunition. Second, that prior to the defendant possessing the firearm and ammunition, that those items had moved in interstate or foreign commerce. And third, that prior to that date, the defendant knew that he had previously been convicted of a crime that is punishable by more than one year in prison, in other words, a felony. And then the prosecutor told the judge, those are the three elements, Your Honor. So from Mr. Edwards point of view at the plea, those are the three elements that he was pleading to. And those are the three elements that the court was telling him the government would have to prove if he decided to go to a trial. Notably missing was the different occasions issue, which he had an absolute right to take to trial, and to have the firearm approved beyond a reasonable doubt. Due process requires that a plea for the defendant has he has to enter a plea knowingly, voluntarily and intelligently. And a guilty plea is involuntary when the defendant does not know that all the elements of the crime to which he's pleading to. So and that that issue is reviewed de novo. And it's very clear in this case that he absolutely didn't know that he had a right to go to trial on the different occasions issue. But did he not in adopting and not and then not objecting to the plea, admit to that he was subject to the enhancement? At the time that he had his plea, we didn't have Erlinger. So we had a different version of ACCA. True. But well, I mean, what you what you didn't yet have is a statement from the Supreme Court that the different occasions requirement is factual, and thus has to be either proven beyond a reasonable doubt or admitted, right? And did he not admit in admitting that he is subject to the enhancement? Does he not, especially in a case like this, where there were only three ACCA predicates listed? Did he not effectively admit to those three predicates that they were on different occasions? He didn't because Erlinger case actually changed the elements of ACCA. So he could not admit to an element that he was unaware and that did not exist at the time. It didn't exist. So he wasn't admitting to that he gets the benefit of Erlinger because he's on direct appeal. So he whatever his lawyer may have said about ACCA and adopting ACCA at the time, and I don't think that's what he said the plea, you might have said some of that stuff at the sentencing, but whatever his lawyer was saying at that time, was to a different version of ACCA had different elements. And again, the lawyer is not statute has been rewritten. It has different elements based on earlier. Yes. So early Erlinger sort of infuses the statute with new with with sort of a new understanding, but you're I just want to make sure that I'm clear. You're not telling me that in the in the wake of Erlinger, the statute has been rewritten. Obviously not. No, but I am saying that there is now a new element. It's been interpreted by the Supreme Court to have this as an element where the government has to actually go to trial and prove it. And so when the lawyer was talking about what whatever it exactly he said about adopting or admitting to ACCA in general, he wasn't admitting to the current ACCA as we know it. And again, that is the one that applies to Mr. Edwards case. It's the current version because he's on direct appeal. So whatever old version the lawyer may have been referring to, it's not the current version, and it does not encompass an admission to ACCA as we know it today. Help me with this, Ms. Folders, do we have to review the at least the first two issues you raised for plain error? You're speaking about the Fifth and Sixth Amendment jury trial, right? Is that right? I'm talking about beyond the jury trial issue. You have a number of issues with regard to who has the burden in this case of establishing that with regard to the three felony convictions, two didn't occur on the same day. Normally, the government would have that burden, but you didn't raise it. Have the burdens flipped around? Is any of this reviewed plain error? Any of the issues you've raised? Are any of them reviewed for plain error? That's what I'm asking. As I understand it, you say the guilty plea was not entered knowingly and voluntarily because Edwards incorrectly believes he was preserving the right to appeal the denial of his motion to suppress. Then you argue that whether the question was whether the district court erred in imposing a 15-year mandatory minimum under 924E1 because the government failed to prove that Edwards had three qualifying prior convictions for a violent felony or a serious drug offense. Third, whether Edwards sentence plainly violated the Fifth and Sixth Amendment because the district court enhanced it under ACCA without examining the facts. And then, of course, you had the issue about 922G. I'll just take one. Were any of these, at least the first three, do we review any of them at this point for plain error in your view? For the issue of voluntariness of the plea, that is de novo. That's our position. It's de novo because he attempted to raise it in the district court and so it's been preserved. And the argument that we're now making with Erlinger is an extension of that first argument about the voluntariness of the plea. Under Yee versus Escondido, we can make an extension of an argument of an issue that has already been raised. And so the second issue changed, actually, second and third issue changed once Erlinger came out. So because now you have this intervening authority. So those issues are governed by plain error, but I've also submitted to the court in connection with the plain error test that structural error actually applies. I submitted that on and it's a case, United States issues, Cog bill out of the Sixth Circuit. The majority does not agree with that, but the dissent explains the reasoning very well. And I'm going to rest on that letter for the structural error argument and just proceed under the third because the government has conceded that the first two prongs of plain error are met. So prejudice has to be established by you. That's correct. That's correct. But the test for what we're looking at now is a reasonable probability that the defendant would have gone to trial. That's under the Gary case. So that's what we have to prove. We don't have to ask you. Is there any evidence in this record that he would have gone to trial if he had known? Yes, there's a ton of evidence in the record. Tell me just cite for me what evidence I can find other than a statement by the lawyer at the sentencing colloquy. You just have to look at the PSI because if Mr. Edwards is trying to evaluate whether he's going to trial or not, he's looking at what the government has to take to trial. That's how they evaluate it. That's how it's evaluated. I understand the argument. I'm asking a slightly different question. What evidence is there from the defendant that he would otherwise have gone to trial if he had known that he couldn't appeal from the denial of the suppression? Does he say anything? Is there an affidavit? Does he say anything to the judge? Is there any as far as that? Just bear with me. Is there any statement of any kind from the defendant that if indeed he knew or realized he couldn't plead, he couldn't preserve that issue. He would not have entered a plea and if the answer is no, don't you have to show that in some way or form? As far as the suppression motion goes and I'm relying on the briefs for that part of the voluntariness argument. I'm really focusing on the Erlinger aspect for the voluntary. I understand. I'm just asking a specific question of whether there's any evidence if you could cite it right and I think that there's two different answers for the different arguments because for the voluntariness with respect to the suppression motion, there are indications in the record at the end of either the plea or the sentencing where Mr. Edwards is expressing through his lawyer that he wants to appeal his motion to suppress. So that on the record, that's not quite the same thing as saying if I couldn't appeal it, I want my plea back and I want to go to trial. Well, he did the best he could. No, no, but counsel could have said could he not and if he can't appeal from the suppression, he wants his plea back judge. Well, but the court told him he could so there was no reason for the lawyer to say if he can't because the the court actually said, okay. Yeah, there's no appellate waiver. You can do that. Just the irony is nobody remembered what was in the plea. Well, but they didn't even remember that bear with me. Sorry. They didn't even remember that there was a plea agreement. Correct. But the court looked back at the record and said, here's a plea agreement. There's no appellate waiver. You can raise that Mr. Edwards as long as you comply with your deadlines. So there was no reason for the lawyer to say, well, if he can't because the court already told him he could and that is what I am. So that's the evidence. That is the evidence. Yes, it is for the voluntariness, right? I'm talking about an issue on the voluntariness of the plea based on the motion to suppress because the second issue is the voluntariness based on Erlinger and the evidence for that is based because of the test that we're looking at with Erlinger for going to trial the fifth and sixth Amendment jury trial part. What you're looking at in the record is to determine whether the defendant would go to trial and the way under Gary that a defendant would figure that out if he would look at what the government has to take the trial and decide whether it's a good idea to go in the Gary case. It wasn't a good idea because it's pretty obvious that if he's going on the whole theory that he's going to prove to the jury that he didn't remember that he was a felon, he's going to lose. So he's not going to trial on that, but on Erlinger, it's a whole different thing. Alright, so let me ask you a question about that. Just hypothetically if we were to agree with you that there is a problem in the sentencing under Erlinger, but we disagreed with you on the plea, the voluntariness of the plea. Would that be the same result regardless? No, because the remedy for the plea would be to send it back and let him go to trial. The remedy for the Fifth and Sixth Amendment part of it is that he would be sent back without an ACA enhancement. Okay. Thank you. Thank you. So I guess I'm in the red. Sorry and you've reserved 4 minutes for rebuttal. Thank you. We'll hear from Miss Adams. May it please the court and O'Connell Adams for the United States. We'll start with Erlinger since that's where we started in the first part of the argument and I'm happy to talk about the other issues as well. There's two Erlinger arguments at this point. One is the straight Erlinger issue and then one is the voluntariness of the plea based on Erlinger. Both of those are reviewed for plain error. Let me ask you a question though because the way I understand it is if we can't tell by looking at the Shepard documents that that the proposed predicate convictions occurred on different occasions then then that's that's the government's problem. That's not the defendant's problem. First of all, my question for you is do you disagree with that and if so on what basis and second if you don't disagree with that, why don't you have that problem here given that the Shepard documents you all relied on were the PSR and it says about one of these the circumstances of this arrest were requested from the Broward County Clerk of Courts and are pending receipt and that's pretty much all that it says. To to start with the first part Judge Rosenbaum, I do disagree with the premise. I don't think it's the government's burden at this point in the litigation to prove that the prior convictions took place on different occasions. This is under plain error. We agree that there's there was an error here, a fifth and sixth Amendment error under Erlinger and that it's the Supreme Court's decision and Erlinger makes it plain, but at the third step of the analysis, it's the the defendant that has to show that the error affected his substantial rights and that he he must show a reasonable probability that the outcome would have been different but for this error, right? He would have to do that by showing that the offenses were committed on different occasions. I'm not sure that's right though because the the burden is always on the government to show that it's this isn't a habeas case. This is direct appeal and so the government you would agree with me that the government would bear the burden at sentencing to show that the that the crimes were committed on different occasions, right? Would you agree with that? Yes, absolutely. Okay. Well, the is that now we're on still on we're on direct appeal. So I'm not understanding where the burden switch comes from because there's nothing in the record that the government can point to here that shows that they were on different occasions. If the government had something it could point to, I would absolutely agree with you. Then the burden would switch to the defendant, but there's nothing that I see in the record that shows that two of the convictions necessarily occurred on, you know, we're from different occasions. The the burden switch comes from the plain error standard. So he has to show a reasonable probability that he would have received a lower sentence, but for this error and the record does support the idea that these are different in wooden. There's three factors that wouldn't identify to show that whether crimes took place on different occasions. It's the timing. It's the location and then it's the character and of the offense. So here we just don't have information about the first two. We know when the assault crime took place in October of 2010 and we know that the county where both of the crimes took place and that's the same. We don't know when the drug crime took place, but these two crimes are not at all similar to what's going on and wouldn't one of them is a drug distribution crime. One of them is a domestic assault breaking a flower pot over somebody's head. They're not I understand where you're coming from on that and I'm very well might turn out very easily that they are different occasions when you go back on remand if that were to happen, but I mean you've just conceded that on the two of the three prongs you can't say anything about it and on the third if you're doing it just based on the nature of the offense like that seems like that's a problem for you. I don't see how the government can show that they were that they were committed on different occasions. I think it is the government's burden to show that here because that's where the error comes in right. The error is that you know it's not clear whether it was they were committed on separate occasions and if they were committed on separate occasions, there's no question. It affects the substantial rights correct, but I think it wouldn't says that one factor can be dispositive and in this case that last factor whether the crimes are interrelated. These are not crimes that are obviously intertwined like multiple drug offenses taking place, but it's not necessarily the case that they're not intertwined. I mean it could be that you know I mean who knows what happened here. Maybe the the victim was involved in the drug trafficking issue and there was and this was sort of out from the arrest or or a bad transaction. I mean it's that could be it could be there's lots of it could be that they took place on the same day. It could be that they you know took place in the same house and so and so if if the government let me put it this way. Would you agree that then the answer to this comes down to whose burden it is to show Yes, absolutely whose burden it is to show that they occurred on different occasions. Yes, and and that's generally the government's burden, but not when it's being reviewed on plain error on plain error. He's gotta make some kind of a showing that in fact it is there's a reasonable probability that that's not that they did that they did take place on the same occasion and II wanna point the court to Greer the Supreme Court's decision in Greer, which we cited in our supplemental brief on Erlanger. This was a post case so after the Supreme Court held that 922 G1 requires the government to prove that the defendant knew he was a convicted felon at the time he possessed a firearm. The Supreme Court took a follow-on case Greer about applying plain error to errors and there were two defendants in that case, one who had been convicted in a jury trial and one who had pleaded guilty and the defendant who pleaded guilty said in the plea colloquy nobody told me that there was a mens rea element and they were trying to argue plain error on that ground. What the majority opinion says there is that one of the key things in rejecting both defendants claims is that the defendants never even made an assertion in their briefs that they didn't know that they were convicted felons and translating that to here. There's never been an assertion. I mean it supports the idea that the defendant but here's the problem right. The problem is that before Erlanger, you didn't know that you didn't know that the one of the one of the elements, I guess was that the three priors occurred on different occasions that you didn't know that so you could stipulate that that was fulfilled that the three priors were fulfilled and think and believe that it could be fulfilled by having occurred on two different occasions or one occasion right and in the rehave follow-on cases career or whatever. The question was whether you knew you were a felon and you know that whether you knew that you were a felon seems like a very different question because obviously if you've been convicted in of a crime that you've spent more than a year in jail on or that you could have spent a year in jail on you would know that but in the situation with Erlanger because of the different elements of the different factors that we have to consider in determining whether convictions were committed on different occasions, you wouldn't necessarily know that and in fact, we're standing here talking about it. We don't know today and there could be situations where it's a close call as to whether they were committed on different occasions and so it seems very different to me the situation in Greer versus the situation here. They don't seem that different to me because the defendant would know in either case. I mean, yes, there is some kind of a factual inquiry that you're making under wood and that applies. It's actually kind of a legal. I mean, it's yes. It's it's a question of fact, but it also involves sort of a legal analysis, right? You've gotta look at these these different factors. You've gotta consider them together and you've gotta decide okay as a matter of really, I mean, it's I guess it's a matter of fact, but it's really kind of also as a matter of law. Are these committed on different occasions? Are they separate and distinct units? Yes, I mean, I think it is a factual question and there it's all information that just like the knowledge of whether you're a felon or not. They're all things that the defendant would know what date he committed the offenses where they were committed, etcetera. He he might not know that that third element whether the legal element and that makes it different, but that one wouldn't know that there were those three elements that I mean, there's no way that anybody would have known at the time of this guilty plea or even just at the time of the sentencing that these were the three elements we were going to or these were the three factors we were going to look to to determine whether the convictions had occurred on different occasions, let alone the fact that they had to have occurred on different occasions and that to me makes it very different from whether or not you happen to know you were convicted of a felony. It's not just so simple and straightforward right. I don't think the issues are actually that different because if one of the one of the the factors under wooden is whether they were convicted on different dates and surely the defendant would know if he committed the domestic assault on the same date as the drug trafficking. That's a different question though right whether they were committed on different dates versus whether he was convicted on different dates and whether they were kind of tied together right and and he wasn't convicted on. He was convicted on different dates. We don't know the information about when he committed each crime, which is the one of the things that you would need to know and could be totally dispositive here and that's within the defendant's knowledge. It's just it's just never alleged in the briefs that that that these were committed on the same occasion. It's the government's burden to prove at the outset, but once we get flipped to plain error, which we are here, then it's the defendant that has to show help me understand the burdens, which seems to be the critical question in this case. Is it your view in this case? That you have no burden at all with regard to these three felonies as to the timing. That's right under under the plain error standard, the third prong is you have to show nothing here. The entire burden rests with the defendant on plain error review, right? Yes, notwithstanding what earlier you said when it said it and so on and so forth. That's right. The defendant has the the burden of proof plain error. We've conceded prongs one and two, but it's it's the substantial rights prong where where the rubber meets the road here, whether there's a reasonable probability that the a different sentence would have been imposed, but for the earlier error and it's that's defendant's burden, right? So it all boils down to who has the persuasion. That's correct. If you have it, you lose you agree. No, I think we we do still have information here from which I mean II think if we were to go to trial on this, we may not have enough evidence. We probably need to shore up so, but if you had the burden, if this issue had been squarely raised squarely flagged, yes, etcetera, you would have had the burden exactly period. Yes. And if you didn't put forward enough evidence to establish the nature timeliness and of the plea of the of these prior crimes, you would lose. Absolutely. Okay. So the only reason you don't lose you say is because Miss Folder's client has the burden. That's right. Okay. On the the second part of the argument. I'm sorry. They have the burden to show that it affected substantial rights. There's no question about that, but it's sort of a nuanced question here because the way that they show it affected substantial rights is to show that the government didn't prove that it occurred on different occasions and that you can't tell from looking at this that it occurred on different occasions. I don't think that's exactly the right way to look at it and and under Greer, there's a passage where you know the Supreme Court says, you know, yes, you're you can look throughout the record to determine what the factual issue is, but they also say you know the the defendant, the one that had gone to trial is asking you to imagine that the jury had been instructed correctly, but that the government didn't introduce additional evidence to prove that Greer knew he was a felon and that's not a realistic scenario. So if we all knew that that we had to prove this at the outset, which we didn't then the government, you know could have gone and and filled out. I understand, but so so now that brings us to the second question right, which is what is in the record to show that these occurred on different occasions and I and I think the answer to that is that they're completely different crimes. They're not crimes that are obviously intertwined a domestic assault and a and a drug trafficking offense and then we also just we don't know that they took place on the same day or at the same location. There's not information about those other prongs, so there's nothing really going the other way. The arrest didn't even happen on the same day so and and wouldn't does say that one factor can be dispositive and here we think let me ask you a hypothetical. Let's let's say we have a situation where we don't know the first two like we have here and the third one. Let's say it's another drug crime. Okay in that case would the would the government's position be that that there was no plain error that affected substantial rights if we if we didn't have any information about the timing that I think we probably wouldn't wouldn't have enough there like right. Okay. So why is this different then because the only thing that makes it different is that you've got a domestic violence crime, but we've already talked about how they could be related. How why is this different? I think it's different because there is just not the type of thing that was going on in wooden. They're not obviously intertwined and that's what the Supreme Court was looking for in wooden and Erlinger and describing these types of errors. Alright. Thank you. Thank you. Alright. We'll hear again from miss boldest. Thank you. I just want to try and make this a little simpler with respect to the plain error burden obviously on the defendant. Okay, but the question is what do we have to prove to meet our burden and what I think was going wrong here is that the government is saying that we have a burden to prove that they're the same occasion and that's not the question. The question is will the defendant would the defendant have gone to trial and that's the question on the first issue, not the second issue. That's the question on the plea issue. It's not the question on the sentencing issue. No, it's actually a question on the sentencing issue whether or not he would have gone to trial had he been informed of all the elements of his crime. If he had understood what it was, there's also another question on the Sentencing issue, which is whether if if he had gone to trial or not, whatever it whether he would have whether he would have had a different sentence. Well, okay. so they're setting to a 2014 case Jones back in the day before you would have to take this issue into a trial. So back then there wasn't a question of whether or not the defendant would go to a trial back. Then it was the question of whether he would have gotten a different sentence, but now that we have Erlinger according to Greer, which they cite we're all talking about the same case here on page 508. They say what the burden is for the guy who pled guilty. It's Gary. He's the guy. It says Gary has the burden on plain error here of showing that the district court had correctly advised him of the men's element of the offense that there is a reasonable probability he would not have pled guilty. That's what the burden is. so the reason the government. The reason the government comes out with the result it does is because they're asking the wrong question. They're looking back at a 2014 case before earlier came out before there was a trial. So help me sort this out then again. Hypothetically, let's say that we don't think the plea was involuntary, but we do think that there's a problem under Erlinger with the sentencing. Right right under right. Okay. so under that scenario, then what happens is it goes back for resentencing right. Yes, and at that time he can decide to go to trial on the issue right so and under Greer, so it doesn't so does it matter this gets me back to my first question, which is does it really matter whether how we turn out on the first issue as a practical matter if we come out on the second issue that there's an Erlinger problem. I actually view it's kind of like a remedy issue you know so whether it's reversed on the fifth and sixth jury trial right and you send it back so that he can be resentenced and then he can have a trial on that. I guess it is kind of the same result, but the important thing I'm trying to say is the critical issue here is who's got the burden and the defendant has a burden on plain error, but the burden is to show reasonable probability that the defendant would have gone to trial on this issue and it's clear from the record that he would have because there isn't anything that the government has in that record. They never produced anything that was admissible when he's looking at the record. He's saying this is a good case. This is a tribal issue and I did give the court 28 J letter on a case that just happened last week in the Southern District of Florida. It's the United States versus Martin case. I provided the court with some of the transcript of that trial because this whole issue about what they can bring in a trial is very clear and it's really brought into focus to the Martin case that the judge. First of all, they can't the government came to trial because they're used to just relying on these documents. They came to trial with three judgments. One of them didn't get into evidence because it was based on a no plea and under federal rule of evidence 80322. It just doesn't come in and the other two that did come in. The judge had this to say he's looking at certified judgments that have been put into evidence and he says I have read them. I don't see one thing that tells me when the offenses were committed, how they were committed. I can't tell the difference how you tell the difference from one to the other and a little bit later, he tells the prosecutor you should have been able to give me the factual background of each of these violations told me when it happened, how it happened, the nature of the fence and then the jury can the determination based on all of those factors. They don't have the factors and they're not getting the factors because the judgment only shows when the conviction happened, not when the crime happened only shows where the conviction was where the courthouse was not where the crime happened. Alright, doesn't show the facts. So thanks. I think we have your argument. Thank you very much.